**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------X
HASIM KANDIC and PASA KANDIC,

                      Plaintiffs,

    -against-

WINDSOR TERRACE APTS. INC., DSJ MANAGEMENT CORP INC, and MEHMET KALKAN *individually*,

                      Defendants.
-----------------------------------------------X

**COMPLAINT**

Case No.: _____

PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiffs, Hasim and Pasa Kandic, by their attorney, The Rose Law Group, PLLC, upon information and belief, complains as follows:

## NATURE OF THE CASE

1. Plaintiffs complain pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to pay the minimum wage and an overtime premium for hours Plaintiff was required to report to work, ready to perform work and actually perform work duties. Plaintiff seeks to recover unpaid back wages, the overtime premium, spread of hours pay, and an additional amount as liquidated damages, reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the Court by § 16(b) of the FLSA (29 U.S.C. §216(b)). Jurisdiction of this Court is also proper under 42 U.S.C. §12101 et. seq.; 29 U.S.C. §2617.

3. Supplemental Jurisdiction is proper over the State law claims pursuant to 28 U.S. Code § 1367.

4. Venue is proper in this district based upon Defendants' residency within Queens County,

State of New York, within the Eastern District of New York. 28 U.S.C. §1391(b).

## PARTIES

5. That at all times relevant hereto, Plaintiff Hasim Kandic ("Hasim") is a resident of the State of New York and Queens County.

6. That at all times relevant hereto, Plaintiff Pasa Kandic ("Pasa") is a resident of the State of New York and Queens County and worked at the "Building" located at 21-24 31st Street, Astoria, New York 11105.

7. That at all times relevant hereto, Defendant Windsor Terrace Apts. Inc. ("Windsor") was and is a Domestic Business Corporation duly authorized and existing by virtue of the laws of the State of New York.

8. That at all times relevant hereto, Defendant Windsor does business in the State of New York.

9. That at all times relevant hereto, Defendant Windsor's principle place of business is 247 Seeley Street, Brooklyn, New York, United States, 11218 - 1207 and they manage and/or own the Building and employed Plaintiffs along with the other Defendants.

10. That at all times relevant hereto, Defendant DSJ Management Corp ("DSJ") was and is a Domestic Limited Liability Company duly authorized and existing by virtue of the laws of the State of New York.

11. That at all times relevant hereto, Defendant DSJ does business in the State of New York.

12. That at all times relevant hereto, Defendant DSJ's principle place of business is 247 Seeley Street, Brooklyn, New York, United States, 11218 – 1207 and they manage and/or own the Building and employed Plaintiffs along with the other Defendants.

13. Defendant Mehmet Kalkan ("Kalkan"), upon information and belief, is an owner of Defendant DSJ and employer of Plaintiff.

14. Plaintiffs were at all relevant times employed by Defendants.

15. Defendants DSJ and Windsor acted as a single enterprise and/or joint employer for Plaintiffs.

16. At all times Defendants DSJ and Windsor employed together more than eleven (11) employees and did more than $500,000.00 in business per year.

17. As a requirement of their jobs, Plaintiffs handled goods such as cleaning supplies and tools which had moved in interstate commerce.

## MATERIAL FACTS

18. Plaintiff Hasim Kandic and Plaintiff Pasa Kandic are married.

19. Plaintiff Hasim was hired by Defendants in or around 2007 to work for Defendant Windsor as a Superintendent of a building located at 176 Seeley Street, Brooklyn, New York (the "Building").

20. The Building has approximately fifty-four (54) units.

21. Plaintiff Hasim was hired to work servicing all of the units in the Property.

22. Plaintiff Pasa was almost immediately asked to also work for Defendants, without compensation, to supplement the work performed by Plaintiff Hasim.

23. Defendant Kalkan is both a board member for Defendant Windsor and an owner and operator for Defendant DSJ. In that role, he supervised and instructed Plaintiffs in what to do in the building.

24. Plaintiff Hasim's job duties from his first time of employment until his termination in May of 2021 were as follows:

    a. Clean common areas in the building;
    b. Maintenance for whole building;
    c. Door repair and adjustment;
    d. Change all locks;
    e. Fasten locks and doorknobs;
    f. Adjust doorknobs as needed;
    g. Repair hinges on doors;
    h. Lubricate locks and latches;
    i. Window guard installation;

j. Remove all garbage and furniture from basement garbage area;
k. Repair cabinets;
l. Repair tile;
m. Seal flooring;
n. Repair drywall and plaster;
o. Painting when damage to walls;
p. Remove/replace pipes and faucets;
q. Repair leaking pipes/faucets;
r. Change outlets and outlet plates;
s. Repair window screens;
t. Repair window brackets;
u. Install shower curtain rods;
v. Repair/remove/replace toilets;
w. Remove old and install radiator valves;
x. Remove/replace and replace battery smoke and carbon monoxide detectors;
y. Replace lightbulbs;
z. Unclog any drains including tub, sink and toilet;
aa. Unclog waste lines as needed;
bb. Repair water damage;
cc. Shut off valves to prevent damage as needed;
dd. Repair buzzer and intercom system;
ee. Repair and replace lights and light fixtures in all common areas;
ff. Clear and maintain garbage shoot;
gg. Repair garbage shoot fixtures;
hh. Maintain all doors in common areas on daily basis;
ii. Maintain and repair access to roof;
jj. Maintain elevator doors;
kk. Clean elevator car on a daily basis;
ll. Clean all windows;
mm. Maintain all landscaping throughout property;
nn. Gardening as needed;
oo. Decorate for holidays;
pp. Maintain boiler room free of garbage;
qq. Maintain boiler;
rr. Clean and maintain filters for boiler system;
ss. Maintain proper boiler water level, drain and refill as needed;
tt. Lubricate motor and pumps;
uu. Assist with deliveries of oil;
vv. Remove snow during winter and maintain street area and garden area;
ww. Remove all garbage from construction;
xx. Assist residents with moving heavy items;
yy. Wait for and help permit access to the building for vendors;
zz. Deliver all rent bills after picking up from Defendants' office;
aaa. Maintain extra keys for apartments and locks as requested;
bbb. Salt sidewalks and icy areas;
ccc. Assist and coordinate work performed by outside contractors;
ddd. Supervise outside contractors;

    eee.    Purchase all necessary material for repairs;
    fff.    Report necessary supplies to be purchased for building;
    ggg.    Report all building issues, equipment problems, and accidents to management office;
    hhh.    Empty trash from shoot as needed;
    iii.    Maintain, oil and clean water pump, oil pump and drain water pipes;
    jjj.    Check on fire sprinklers;
    kkk.    Report tenant complaints to management office;
    lll.    Report necessary work to be done by outside mechanics;
    mmm.    Supervise moving in/out of residents;
    nnn.    Assist with gas installation and issues that arise;
    ooo.    Maintain cement in courtyard and in front of building;
    ppp.    Maintain mesh to prevent rodents from getting into building;
    qqq.    Maintain building roof;
    rrr.    Check and clear roof drains;
    sss.    Maintain alleyways free of garbage;
    ttt.    Hose down street and gutter in front of building and alleyway;
    uuu.    Clean street in front of building on daily basis;
    vvv.    Clean tree crates in front of building;
    www.    Deal with all HPD building violations;
    xxx.    Bring letters to residents as needed;
    yyy.    Repair mailboxes;
    zzz.    Provide tenants with mailbox keys; and,
    aaaa.    Remove/replace mailbox locks.

25. Despite the work initially being labeled as "part time," Plaintiff Hasim's hours were lengthy, requiring him or Plaintiff Pasa to be available twenty-four (24) hours a day, seven (7) days a week.

26. Plaintiff Hasim was regularly told that he, or his wife, had to be available at all hours. Some weeks he worked significantly more than fifty (50) hours in order to comply with the residents and Defendants' demands.

27. On a regular basis, Plaintiff Hasim would start by cleaning the street at 7:00 AM. After cleaning the sidewalk and street adjacent to the building. Then he would check the entire building. From then onwards he would perform various work that depended on the day's requirement but typically the morning portion of his work would end around 10:00 AM.

28. At 3:00 PM, Plaintiff Hasim was required to be back at work, visible to residents and

performing various functions around the building as described herein.

29. On weekends, the same requirements were levied on him as he was expected to be there in the mornings and afternoons, visible to tenants.

30. Despite the heavy amount of work, Plaintiff Hasim was only paid $225 per week when he first started until in or around March of 2020 when he was paid approximately $425 per week.

31. This amount is far less than the minimum wage required to be paid under the FLSA and NYLL.

32. Plaintiff Pasa was also expected and demanded to perform work for Defendants since moving into the building and continuing through September of 2021, yet she was never paid anything.

33. Her regular job duties included:

    a. Maintain garden, gardening, and cleaning the garden;
    b. Plant flowers and other plants in the garden;
    c. Clean common areas whenever Plaintiff Hasim was not around;
    d. Clean and maintain laundry machines;
    e. Deep cleaning on demand;
    f. Give access to building whenever Plaintiff Hasim was unavailable;
    g. Clean outside street whenever there was rubbish or leaves on sidewalk or garden;

34. Defendants would call Plaintiff Hasim and tell him to instruct Plaintiff Pasa to perform work.

35. Further, on occasion, Defendant Kalkan would come to their apartment and direct her to do specific work, such as scrub corners in common areas or clean windows.

36. On a regular basis, Plaintiff Pasa worked approximately ten (10) hours a week and was required to be on call throughout the period when Plaintiff Hasim was not in the building to let in contractors, vendors, mail deliveries, and other individuals at the direction of Defendants.

37. All residents of the building were given Plaintiff Hasim's phone number and email address, allowing them to demand work be performed at all hours of the day and night.

6

38. While Plaintiff Hasim frequently complained about the amount of work he performed for such little pay, Defendants did nothing to even attempt to comply with the law for paying minimum wage.

39. Plaintiffs are owed a minimum wage, overtime premium and lost pay to which they are entitled under the FLSA and NYLL and have been damaged in an amount yet to be determined.

40. Defendants' violations of the FLSA and NYLL were done with knowledge of the law and with full understanding that this policy violated the law.

### AS A FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

41. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

42. Defendants willfully employed Plaintiffs in the afore-mentioned enterprise and failed to compensate Plaintiffs for all hours worked during their employment.

43. Upon information and belief, Defendants do more than $500,000.00 in business each year and handle goods which have moved in interstate commerce.

44. Defendants failed to pay the legally mandated minimum wage and overtime premium for all hours worked by Plaintiffs.

45. Defendants' failure to comply with the FLSA caused Plaintiffs to suffer loss of wages.

### AS A SECOND CAUSE OF ACTION
### VIOLATION OF NEW YORK LABOR LAW (minimum wage and overtime)

46. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

47. Plaintiffs were employees of Defendants within the meaning of New York Wage Regulations (NYCRR Labor Section 138 et seq.; Article 6 & 9 of the NYLL; 12 NYCRR

§ 142-2.4).

48. Defendants failed to pay Plaintiffs the minimum wage and overtime premium for certain hours when Plaintiffs were required to be at work, ready to work, and actually performing the work.

49. Defendants' failure to comply with the New York Labor Law minimum wage and overtime protections caused Plaintiffs to suffer loss of wages and interest thereon.

50. This includes the failure to pay an additional hour of pay for every day wherein Plaintiffs were required to work in excess of ten (10) hours, known as "spread of hours" pay.

51. Defendants' violations were willful.

52. Defendants failed to pay minimum wage, overtime, and spread of hours pay as is required by the New York Labor Law.

53. Defendants failed to compensate Plaintiffs at the required minimum rate for superintendents pursuant to 12 NYCRR §§ 141 et seq.

54. On account of such violations, Defendants are liable to Plaintiffs for actual, statutory and liquidated damages.

## AS A THIRD CAUSE OF ACTION FOR
## VIOLATION OF NEW YORK LABOR LAW (wage notice and statement)

55. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

56. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 190 et seq., including §§ 191, 193, 195, 198 and the applicable regulations thereunder.

57. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiffs with the appropriate notice(s) required by NYLL 195(1) –

Plaintiffs are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b).

58. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiffs with the statement(s) required by NYLL 195(3) – Plaintiffs are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d)

## JURY DEMAND

59. Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiffs respectfully request a judgment against the Defendants:

A. Awarding all wages not paid as required under the FLSA and NYLL, plus any damages under the FLSA and the NYLL and interest;

B. Declaring that Defendants' policies and procedures violate the FLSA and the NYLL;

C. Awarding damages to the Plaintiffs to otherwise make them whole for any losses suffered as a result of such unlawful employment practices;

D. Awarding Plaintiffs punitive damages and liquidated damages;

E. Awarding Plaintiffs attorneys' fees, costs, and expenses incurred in the prosecution of the action; and,

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Astoria, New York
       March 11, 2022

                                         **THE ROSE LAW GROUP, PLLC**

                                         **/s/Jesse C. Rose**
Jesse C. Rose (JR-2409)
3272 Steinway Street; Suite 503
Astoria, New York 11103
PH: (718) 989-1864
Fax: (917) 831-4595